The case is 4-17-0153, People v. Martinson. For the appellant is Maggie Heim, if I pronounced correctly, and for the appellee, Allison Brooks. Okay, it is Heim, you may proceed. May it please the court, counsel. Counsel. My name is Maggie Heim and I represent the appellant, Mr. John Martinson. This is a direct appeal of an order which vacated termination of probation. The case began in January of 2015 when Mr. Martinson was charged with two counts of aggravated criminal sexual abuse. In February, he was released on bond and allowed to live with his family in Michigan. And in October, he pled guilty and was sentenced to four years of probation with $450 due in restitution. Mr. Martinson was allowed to serve out his probation in Michigan and began making payments immediately, but had not paid in full in September of 2016. So the state filed a petition to revoke probation. Let me ask you a question. Sure. Let us suppose that when it was reported to the court that he had paid all the restitution or the fines, and it turned out that that was an error, that was a mistake, that either the circuit clerk or the probation office had transposed numbers or mixed up some financial records, and he in fact had not fulfilled that condition of his probation, but the state's attorney was misinformed or had the wrong information and told the court it has been paid. And then they terminated his probation, and then the prosecutor found out almost immediately or a week thereafter that in fact these monies had not been paid. Your Honor, I think in that case the money would still be due, but the reality is that the probation, if it were terminated and they left the courtroom, that hearing was concluded could not be reimposed or extended after termination. Even though it was clear or it became clear that he had not fulfilled the conditions of probation. It was a mistake.  If there were a mistake. I think once probation has been terminated, the things you can do to reimpose probation are limited, if not completely nonexistent. I think there might be an unusual case if there were some sort of fraud on behalf of the defendant, but that's not what we have in this situation. And if there were some sort of honest mistake in that case, you know, the money being due wouldn't go away. You could probably still pull him in on a bench warrant if he was not paying, but I don't think that you could reimpose probation after it had been terminated. How could you issue a warrant for him to pay that which had been discharged? Because probation was terminated because it was mistakenly believed he fulfilled that condition. You still think you could go after him for the money? I would think if the money was still due, the money would still be due. Why can't we go after him for the months that are left? Because probation was terminated. And the court had, you know, I think an important part of this case is that the trial court had full authority to terminate probation early. That is permitted within the sentencing statutes and with the probationary statutes. So there's no, there's no void sentence here when probation was terminated because you are permitted to terminate early. So the fact that the state after the fact either changed its mind or realized it had made a mistake in seeking early termination doesn't change the fact that the court was acting in full authority when it terminated probation on January 25th. And I think if you look at the cases where probation is terminated, the law is pretty clear on the fact that you can't go back and extend it or reimpose a condition after termination has occurred. Now the cases that we've cited on termination of probation are all happened to be cases where the term had expired and that's how it came up. But I don't think there's any difference in the rationale in those cases or in the law in this case where you have probation being legally terminated and once you walk out the door, that is a final sentence. He has now fully completed his criminal sentence. And if a week later you decide we actually didn't mean to let you off probation, I think the reality is the Unified Code of Corrections dictates what can happen next and there cannot be a new sentence or any sentence which is longer than the sentence he had on January 25th, which is that he had fully served. What if he was supposed to serve a certain number of weekends in jail and they weren't served? And yet, through mistake, his probation was terminated. Yet he's not fulfilled the conditions that one assumes need to be fulfilled before probation is terminated. Would that be different than the fines? No, I don't think so. I think the problem is that once the court tells him that probation is terminated and they leave that courtroom, that is an oral pronouncement of sentence that he has now fully served his criminal sentence. Well, I had a case where the jury said not guilty and then they waved frantically at me and said we signed the wrong jury form. Yeah. The defendant almost had a heart attack. We resolved it. That's not a good analogy, but it's possible for things to happen that are mistakes. Right, and we're not suggesting that misspeaking or if the prosecutor looked down at their sheet and realized, oh no, we meant to say we'll be ready to terminate this at the expiration. We're not trying to say that as soon as the words leave the judge's mouth, that's the end of it. And we have the cases, including one from the Fourth District, where you have the judge there. I think the judge actually imposed probation and his intention was to impose probation and then the defendant interrupted him to say, I'm not going to be able to do probation successfully. So the court said, well, I'm going to go ahead and give you 364 days. And the way this court analyzed it is that the hearing wasn't over, so the oral pronouncement was not yet final. And this is not a case where that happened. Everyone was in the room. The oral pronouncement was that termination was successful. Everyone left the room. And for the next month, he was not on probation. His sentence was fully served. He was living as a man with only the obligations that come after collateral to a conviction, not his actual probation sentence. Now, the way that the state thinks about this is that there was an imposition of a more severe sentence because the trial court was vacating its termination as opposed to imposing a new sentence. But I think just like in the, I think that reviewing courts generally look at the substantive effect of the order when determining what it is, and here we have the substantive effect of that February order was to reimpose probation on February 23rd, where it had not been imposed from January 25th to February 23rd. And this is an argument which came up in a case that we moved to site on Friday, People v. Ammons, out of the 2nd District. And there you had a trial court that initially imposed a sentence of four years. The defendant filed a motion to reconsider sentence and argued for probation. The trial court ultimately granted the defense motion for probation, seemingly because he had been on good behavior since the original sentence was imposed, and the trial court imposed probation. The state then filed its own motion to reconsider, saying you can't consider that subsequent behavior, and the court agreed and reinstated the four-year sentence. Now the trial court and the state both said that this did not contradict the bar on increasing a criminal sentence because the final sentence was ultimately the same as the original sentence, and the trial court's order was simply vacating its motion to reconsider sentence. But the appellate court disagreed, and it notified that in the Unified Code of Corrections, where it says you cannot increase a sentence once imposed, the focus isn't on the original sentence. It's instead on not increasing a sentence once it's imposed. And a sentence is imposed upon oral pronouncement and when that hearing has concluded. And in this case, you have the court effectively decreasing... There's no sentence imposed when you're terminating probation. That's not the imposition of the sentence. That's the administrative conclusion of the sentence. It's not the imposition of the sentence. The termination of probation is effectively resentencing for probation. It's not a sentence. It's the end of a criminal sentence. You've terminated the sentence. It's not an imposition of anything. It's an administrative closure. Well, that's exactly right. It's the end of a criminal sentence. So at that point, if you went back and looked at what was his criminal sentence, it was for that 17 to 18 months. And he learned that his criminal sentence was 17 to 18 months probation on January 25th. But you're saying for some reason that probation is this unique creature in which the court does not retain jurisdiction for 30 days like it does in just about everything else. The court does not retain jurisdiction to increase a sentence after any sentencing. I'm calling it an increase, but it's not an increase of sentence. I mean, you've used this language throughout the brief, and every time I read it I cringe because I'm trying to figure out how in the world you can construe this as increasing a sentence. It is the sentence he had. It is not an increase of sentence in any shape or form. Your Honor, I think if you look at what his criminal sentence was on January 26th, 2017, there is a definitive... It was still the term of probation. They just terminated it administratively, but his sentence was still the same sentence that he ultimately got. It's not an administrative action. It's a judicial action to terminate probation early. It's the formalization of an administrative action. It's the probation department normally that comes in and says, we'd like you to terminate his probation early. The court agrees. They go ahead and terminate your probation. But the court has to agree. The court has to be the one to choose to do it early. Which retains jurisdiction for 30 days. If probation goes through a term, then it may be purely administrative because it simply goes to the cutoff date, and then you can't go any further. But when you have a court choosing to terminate probation early, then it's using judicial discretion to agree with the state and look at the defendant in his circumstances and say, yes, you are ready to go back into the world. I'm going to terminate probation as of this day. So he no longer is serving four years of probation at that point. He is now serving the 17 months of probation. No, he's already done that. He's already served it. But that's the increase that we're talking about. If he's served that 17 months of probation and leaves the courtroom as a free man serving no criminal sentence, if you add additional probation after he has completed... I'm not adding it. I'm just reinstating the same probationary order he had to begin with. You vacated the previous order because you've got 30 days of jurisdiction. So that previous order now becomes a nullity. It doesn't exist. Where does that put you? It puts you back where you were before the imposition of the order, which is the service of four years of probation. What's new about it? I think that's the argument that was rejected in people via Mons. There you have a criminal sentence going to probation going back, but it's the same thing where their point was he had a sentence, I reconsidered the sentence, and now I was wrong. When I ruled on the motion to reconsider, I was wrong, so I'm vacating my order, granting the motion to reconsider. In Ammons, it was clearly an increase of sentence. It went from probation to penitentiary. 18 months probation is a big difference from four years of probation. It went from probation to penitentiary. That's an increase in sentence. This is the same sentence of probation which was imposed initially. So I disagree respectfully. I think that 18 months of probation is different from four years of probation, even though... He didn't say 18 months of probation. They got four years of probation. They just terminated it early. But once it had been terminated, his entire sentence was 18 months of probation, and he had fully served it when he walked out the door. No, his sentence was four years of probation. They just terminated it early. You carve out a new sentence, and it's not a new sentence. It's the four years of probation which they've chosen to terminate early. That doesn't make it now a sentence of 18 months of probation. Nobody ever uttered the words, You are hereby sentenced to a term of 18 months of probation. There is no judicial determination that his sentence at any time was 18 months. You have simply terminated the four-year probationary period early. I think it might be useful to think about the probation cases where you have someone who is serving a term of probation, say they're serving to 2016, but they have some amount of restitution due. The state and the court can choose to extend the probation so that restitution can be paid while probation is still being imposed. But if probation ends up being terminated in 2016 and no one notices that the restitution was imposed or they don't go through the process to extend the probation, then they can't go after the fact. That moment of termination is important. It ends the criminal sentence, and they can't add something after the fact because they've now lost the modification ability that they naturally have. But he wouldn't have had they noticed that he owed restitution and extended probation. Here you have the court, instead of failing to extend probation, choosing to terminate it early. So I think the same thing holds true. Once it's terminated, it's terminated. If you try to add something after the fact, you have no authority to do it under the probationary statute, which says once you terminate, you terminate, and there's no new jurisdiction under the probationary statutes. And then you have the Unified Code of Corrections, which says once a sentence has been imposed, you can't go back and fix any sort of error as long as it was a legal sentence. An 18-months probation was a legal sentence for this case, and termination was a permissible, discretionary decision the court could make. So after that point, the court was limited in what it could do. I think it's important in this case that you have an express bar on increasing any sentence, and you have a clear one-week gap. This isn't one where during the course, there's no evidence of fraud, the state had the correct expiration. Maybe defense counsel misled the court at the hearing on the Fishman vote, when he brought up the, you know, all we have to do is pay the money, and we can terminate this so he can move to Michigan or pursue employment opportunities in Michigan. He's the one that brought up termination. Judge, the only issue outstanding for defendant is payment of the restitution. That wasn't true. Because he was still on probation? Right. Right. Why would you be terminating it early? There was no petition filed to terminate successfully after that. I mean, there's no indication that this is what's before the court. We want to terminate early for good reasons. And he's paid, or he's ready to pay. Well, I think, you know, he originally was supposed to have fully paid restitution within two years. He beat that date. There was apparently no bad behavior. The state never implied there was any bad behavior. The state never indicated that defense counsel was trying to pull one over on the court. No, the state just was silent or agreed, because they didn't know how long the probation was. They did have it in their filings. This is not something that was hidden in any way. No, I didn't mean that. I meant they were inadvertent. I think it's reasonable here to think that the state, where it's passively putting him on probation, might be amenable to early termination. It might have been, but everybody in the room should have known that's what was happening. And they did. They did. I mean, they should have known why. I think that defense counsel, in advocating for your client and saying, he's anxious to get termination, we're trying to get this paid off and wrapped up, there's nothing misleading about that. And the state has in its own filing that this is meant to terminate in 2019, but then says, well, let's just give him a little more time to pay the fine. Well, as a matter of policy, it's clear a mistake was made. And you're arguing that the law shouldn't permit the mistake to be remedied. I'm arguing that in circumstances of criminal sentencing, legal sentences cannot be increased to correct this mistake. Have I got this correct? The mistake, it was a mistake made in this case, and your argument is it can't be remedied. I mean, my argument is it is not relevant if this was a mistake on the part of the state, because it was clearly their mistake. So is that a yes? Yes. If there is a mistake in criminal sentencing, it cannot be corrected through an increase in sentence. And I think that's demonstrated in People v. Jones and I think in Kilpatrick and People v. Ammons. There are certain mistakes that, as long as it has to be a legal sentence, if the state were ever to somehow assent to an illegal sentence or the trial court were to give an illegally low sentence, then you have a possible mandamus action. But here we're talking about a sentence that was within the court's discretion to give, and when the court terminated probation satisfactorily and the defendant walked out of that room as a man with no criminal sentence, we're saying that at that point no new probation could be imposed. If there are no more questions. Thank you, Counsel. You'll have a chance to address this again in rebuttal. Ms. Brooks? Thank you, Your Honors. Good morning. May it please the Court, my name is Allison Paige Brooks, and I appear on behalf of the people. Jurisdiction, ascertaining jurisdiction, is one of the most important things the appellate court can do prior to considering a case. And the appellate court may not proceed in a case without being certain of its jurisdiction. And the defendant cites no precedent for an appellate court to hear what they called a direct appeal from an order vacating the termination of probation. This could be the first court ever to find jurisdiction to hear such an appeal. In a case in which final judgment was entered on October 2, 2015, when probation or your probation term was imposed, the final judgment in a criminal case is the imposition of sentence. And so the imposition of sentence was in October 2015. And this notice of appeal was not filed until February 2017, much more than 30 days later. So therefore, that notice of appeal is untimely unless somehow a new final judgment was created. Essentially, what the defendant's position here is that the temporary termination of probation, which became vacated, which means that as if it had never been entered, somehow restarted his time for appealing from the October 2, 2015 judgment. Or I think the defense position may be more accurately characterized as somehow the trial court reimposed a four-year term of probation, but somehow retroactive to October 2, 2015. When really under the EIDL case, dealing with the statutory summary suspension rescission, it's obvious that the vacater of an order means that no new order is entered. It's just simply as if the original order had never been vacated. Or was in this case, we speak of negligence by the prosecutor, and why is that something we should tolerate, welcome, empower? Was within the trial court's ability to reject the state's motion to vacate it? Well, sure. Perhaps. You're looking at trial court alumni here, and when the state has, I recall back in ancient times when I was a trial judge and received motions like this, I'm assuming the trial prosecutor knows what he's doing and wishes to, and maybe because the guy's been such a terrific probationer, it's a reward for working so closely with the probation office. I remember, as a matter of fact, telling people I put on probation for three years that, you know, because you were demonstrated we don't need to continue to supervise you. So in some other case, the prosecutor walks in with a motion to end the probationary period early. I'm thinking that's fine. I would assume that's the situation. This is kind of troubling that the state here apparently just didn't check it out. Well, it would be within the trial court's power to hold the state to its motion to terminate the probation early and not disturb that. That could have been something the trial court decided, or the trial court has the power to decide like it did here to ascertain that a mistake was made and justice would require correcting that mistake and putting the defendant back on the probation term because it was inadvertently terminated. And this is not a formal motion. I believe it's an oral sort of request made at the hearing. It wasn't like a written formal motion that would have been considered, for example, saying we're recognizing an exemplary performance, and even though his probation term would have carried on for so many more months, the state wants that to be terminated, and here's why. It was more done on a very brief, informal basis, and the trial court can recognize that that was done inadvertently and mistakenly and that could be and should be corrected. That's within the trial court's judgment, and that's not, I don't think, anything the defendant is complaining about here, that the trial court should not have done what it did. I think the defendant's complaint is the trial court was not allowed to do what the trial court actually did because of what they consider to be an express statutory bar, which is the only thing they're relying on is the language of Section 5-4.5-50, subsection D. Now, I don't want to lose the jurisdiction argument here, but move on to statutory argument. The idea that this statute prohibited the trial court from doing what it did, the statute starts with the language, in all caps, MOTION TO REDUCE SENTENCE. This is the subsection D that they're relying on, and part of that statute is the words, THE COURT MAY NOT INCREASE A SENTENCE ONCE IT IS IMPOSED. Everything about this subsection pertains to a MOTION TO REDUCE SENTENCE, of which none was filed here, so this statute is just inapplicable on its own terms. Well, is there a motion by the defendant to vacate probation on the grounds that I don't need to be in the court and granted? It would not apply because the MOTION TO REDUCE SENTENCE has to be filed within 30 days of sentencing. The statute says the motion has to be filed within 30 days of sentencing, so to constitute a MOTION TO REDUCE SENTENCE that would prohibit the trial court from increasing the sentence once it is imposed, it would have to be a timely MOTION TO RECONSIDER SENTENCE. The whole point of the statute, according to Kilpatrick, is to protect the defendant against the risk that the defendant will be penalized for his efforts to correct an error. That just doesn't apply in a situation where the defendant has not filed a MOTION TO RECONSIDER REDUCE SENTENCE in an attempt to correct an error. That risk does not need to be protected. It does not apply here. The Castleberry case involved a defendant who complained about a legally low sentence. He got that corrected on appeal. They said the void sentence order cannot apply to correct that. So State's attorney Alvarez filed a MOTION FOR WRIT OF MANDAMUS, got the sentence increased into a legal range, and of course then came the defendant's complaint that this is not something we can do. If mandamus would be granted, it would violate the statutory restriction against an increase in sentence once it was imposed. And it was clearly an increase in sentence after it was imposed. But the Supreme Court of Illinois did not apply that statute because the punitive concerns were not implicated. This statute just does not apply. It is an increase in sentence after it's imposed, but the defendant sort of says here now, well, that statute only applies when a legal sentence is going to be imposed. Well, of course, in Alvarez and Castleberry, it was an illegal sentence, and therefore it could be increased once it was imposed to make it legal. But that's not what the statute says. The statute just simply says the court may not increase the sentence when it's imposed. The question is, when does that language apply? It applies when the defendant requests a reduction in his sentence, and that is when the trial court may not say, well, he got 10 years in prison. He's asking for that to be reduced, but actually on reconsideration, 10 was too little. We're going to increase it to 12. The trial court may not do that. That is what the trial court may not do, may not increase the sentence upon reconsideration when the defendant is seeking to reduce the sentence.  That's the purpose of the language, and they're drawing it out of a statute that does not apply and trying to apply it in a different situation. And it's just as Mr. Arman said, there is no other sentence here imposed that is being increased. So that was the state's position here is termination of probation is not imposition of sentence, and therefore this statute also does not apply for the separate reason that it requires a new sentence to be imposed after an earlier sentence imposed, and that constitutes an increase. And so without two imposed sentences to be compared, the state's position here is that the statute does not apply because we don't have two imposed sentences being compared. We have one imposed sentence, 48 months probation, temporarily terminated. Upon the termination being vacated, that essentially reinstates the 48 months originally imposed as if it had never been terminated. That's the effect of revocator. So we've only had one sentence ever imposed, 48 months probation, temporarily terminated, but that never actually took effect because it was subsequently vacated. So there's no increase in sentence from when it was priorly imposed because there's never been two sentences imposed in this case. There's only been one sentence ever imposed. And when the trial court, after vacating early termination, simply reinstates the conditions that were in existence, essentially it's recognizing this is the effect of vacator. So there's no new judgment, so therefore there cannot be jurisdiction from this notice of appeal because there would have to be a new judgment, a new final appealable judgment entered sometime in February, for example, of 2017 within 30 days prior to the notice of appeal being filed in order to give this court jurisdiction to do anything. And so that's why the state requests this court to dismiss the appeal for lack of jurisdiction or any alternative to affirm the results below because the defendant has not shown that the statutory bar would prevent the trial court from doing what it did and that is vacating the successful termination. Okay. Thank you, counsel. Thank you, Your Honor. Ms. Heim, any rebuttal? Just briefly on the jurisdictional argument. Rule 604B expressly gives this court jurisdiction to hear cases imposing probation, modifying the terms of probation, or revoking probation. And the Supreme Court, in considering Rule 604A, makes clear that it's the substantive effect of the order that you look at in determining whether or not you have jurisdiction. Here, both parties agree that probation was reinstituted or revived, or however you want to put it, in February of 2017 when the court vacated the termination of probation. So where the substantive effect of that February order was to revive probation on that date, I think this court does have jurisdiction under Rule 604B. Now the state relies on EIDL to argue that there's no jurisdiction, but EIDL doesn't actually deal with appellate jurisdiction. It just has to do with vacator. And you could say, I would say, the same thing over any case, including the Amman's case, where you have a court imposing an order, reconsidering it, and then vacating the reconsideration, but somehow there's no jurisdiction to consider. But I think that's not the case where you have probation being imposed in February, however you want to characterize it. I do think this court has jurisdiction under 604B. And, you know, the idea that Mr. Martinson should have appealed this issue in January of 2015, or October of 2015, when it originally happened, obviously this error hadn't even occurred at that point. It didn't happen until the early termination, and then the vacator of the early termination. I noticed at one point the state referred to it as the temporary termination, and it's temporary only now because the court ultimately did vacate the termination. But if you look in the probation statute, there is no such thing as a temporary termination. There simply is termination, and there's imposition, and then revocation, which follows very specific procedures laid out within that statute. I think it's important that it's not just the unified code that has this no increase of sentence, but you also have the entire probation statute to look at. And it does talk about termination. It allows early termination. And nowhere within the statute dealing with probation do you have any suggestion that probation can be reimposed, revised, reinstituted, anything, after termination has occurred. And the only cases that have dealt with this, some of which are incited in the opening brief, once termination occurs, you cannot mess with that probation term anymore. It is over. It is finally over. And as I said, in those cases, you're dealing with the expiration of the term, but there's no distinction made within the statute between probation, which has been terminated early, and probation, which has been terminated because a sentence is imposed, or probation, which has been terminated due to expiration. So I think the reality is under the statute dealing with probation, there's no authority to do this. And under the unified code of corrections, the only indication is you cannot increase or add a new sentence once a sentence is completed. I would note that in People v. Alvarez v. Gone, the court in granting mandamus notes that the baseline for whether or not the North Carolina v. Pierce concerns are raised is whether the court has acted within its discretion given a legal sentence. And again, there's no question here that the court had jurisdiction, had the authority, had everything it needed to terminate probation early. And there's no argument that that termination was void at the point at which it occurred. So the fact that it was later vacated doesn't make it illegal, and that's why we're here having this conversation about whether early termination of probation does, in fact, effectively resentence the defendant to time served, as though he had 18 months probation instead of the four years probation. I think the thing to remember is that space of time between January 25th and February 23rd. At that point, Mr. Martinson was not on probation. He was fully done with his probation, and neither the unified code of corrections nor the probationary statute offer any means for a trial court to impose a probation term once a man stands like that without some new crime. At that point, the state or the court had the power to impose some new term of probation, and the earlier term had been terminated on January 25th. As a result, we would ask that this court find that probation was successfully terminated on January 25th, and any attempts to reimpose the four-year probation was in violation of the unified code of corrections. One final thing I want to point out, and this is in the reply brief, but in the unified code of corrections, the motion to reduce sentence, it doesn't require a motion, and that's explicit in the statute itself. The court has no questions. Thank you, counsel. We'll take this matter to the advice of the dean of recess until this afternoon.